UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HERMAN LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00027-WCL-SLC |
| | ) |
| GENERAL MOTORS LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the parties' Joint Motion for Entry of Stipulated Protective Order (DE 17), seeking approval of a proposed stipulated protective order submitted by the parties (DE 17-1). Because the proposed order is inadequate, the motion will be DENIED.

Federal Rule of Civil Procedure Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates sealed filings (DE 17-1 ¶¶ 3(c), 10-12, 21), it requires a higher level of scrutiny.

Here, the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. It allows a party to designate as "Confidential Personal Information" any "proprietary business processes, confidential information or portions thereof, of Defendant General Motors, and the non-party JustUs Programs . . . ." (DE 17-1 ¶ 5(A)). Elsewhere in the proposed order, the parties define "Confidential" as "non-public . . . information that is by federal or state law or common practice, confidential or non-public." (DE 17-1 ¶ 4(C)). However, defining the term "Confidential" by using the general terms of "confidential," "non-public," "commercially sensitive," or "proprietary" is rather vague. *Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008). Therefore, the Court is not satisfied that the parties know what information constitutes "Confidential" material. *See Cincinnati Ins. Co.*, 178 F.3d at 946.

Likewise, the proposed subcategory of "Confidential Personal Information" includes "proprietary business processes, confidential information or portions thereof, of Defendant General Motors and the non-party JustUs Programs . . . ." (DE 17-1 ¶ 5(A)). Clearly, the proprietary information of Defendant and the non-party JustUs Programs is not "personal information." Furthermore, the proposed order is confusing in that it uses the defined terms "Confidential," "Confidential Materials," and "Confidential Personal Information."

"If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, *Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release

harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Finally, to the extent that paragraphs 3(D) and 14 of the proposed order may suggest that the Court will retain jurisdiction over this matter after the termination of this suit, the Court will not retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Therefore, for the foregoing reasons, the Court DENIES the parties' motion for the entry of an agreed protective order. (DE 17). The parties may submit a revised stipulated protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 29th day of July 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge